UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
KARL PARSON,                                               :
:
                Petitioner,           :        12 Civ. 2358 (JMF)
:
       -v-                                              :        MEMORANDUM
:        OPINION AND ORDER
SUPERINTENDENT OF FISHKILL CORRECTIONAL  :
FACILITY,                                                  :
:
                Respondent.          :
:
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2013

JESSE M. FURMAN, United States District Judge:

      Petitioner Karl Parson ("Petitioner"), appearing *pro se*, timely brings this petition for the writ of habeas corpus ("Petition" or "Pet."), pursuant to Title 28, United States Code, Section 2254, challenging his conviction, after a jury trial, of criminal possession of a controlled substance in the third degree under New York Penal Law § 220.16(1).  (Docket No. 1). Petitioner claims that (1) the state court erred in denying his motion to suppress evidence seized in searches of his person and a car; (2) the state court violated his due process rights by failing to give a circumstantial evidence charge; and (3) his sentence of seven years' imprisonment followed by three years' post-release supervision is "unduly harsh and excessive and should be reduced in the interest of justice."  (Pet. ¶ 13 & Attachment).  These claims are without merit.

      First, with respect to Petitioner's Fourth Amendment claims, the law is clear that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his

trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). To prevail on a habeas petition based on a Fourth Amendment claim, therefore, a petitioner must prove either that the state "has provided no corrective procedures at all to redress the alleged fourth amendment violations" or that, if a corrective mechanism exists under state law, the "defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992).

In this case, Petitioner does not, and could not, argue that New York State fails to provide a corrective mechanism, as "the federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in [New York Criminal Procedure Law], as being facially adequate." *Id.* at 70 n.1 (internal quotation marks omitted); *see also Daily v. New York*, 388 F. Supp. 2d 238, 249 (S.D.N.Y. 2005) (finding that New York has provided a sufficient corrective mechanism). Petitioner also makes no argument (and the Court finds nothing in the record) that would indicate that the proceedings in this case did not follow the procedures required by New York law. There is certainly nothing in the record which would indicate a "breakdown in the underlying process," let alone an "unconscionable" one. *Capellan*, 975 F.2d at 70. To the contrary, Petitioner received a hearing from the trial court on his Fourth Amendment claims, and the Appellate Division later reviewed the trial court's findings. (Answer Ex. D). In light of *Stone*, therefore, Petitioner's search claims are easily rejected.

Petitioner's next claim, challenging the trial court's instructions to the jury, fares no better. First and foremost, the claim is unexhausted because Petitioner failed to seek leave to raise it in the New York Court of Appeals. (Answer Ex. E). *See, e.g.*, *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991). Accordingly, it cannot serve as a basis for habeas relief unless Petitioner shows (1) "cause" for the default and "prejudice" from barring the claim or (2) that

failure to consider the claims will result in a "fundamental miscarriage of justice." *Brown v. Woods*, No. 07 Civ. 10391 (JGK), 2010 WL 2605744, at *3 (S.D.N.Y. June 29, 2010) (citing *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1983)).  Petitioner cannot make either showing, both because the Appellate Division properly rejected his claim on the independent and adequate state law ground that it was not preserved for appellate review, *see, e.g.*, *Gonzalez v. Perez*, No. 11 Civ. 3744 (JMF), 2012 WL 2952841, at *2 (S.D.N.Y. July 19, 2012), and because denial of the New York "pattern jury instruction on moral certainty/circumstantial evidence [does] not abridge [a petitioner's] *federal* due process rights to a fundamentally fair trial," *Freeman v. Conway*, No. 09-CV-6326 (MAT), 2011 WL 3608109, at *4 (W.D.N.Y. Aug. 12, 2011) (emphasis added); *see also, e.g.*, *Davis v. Strack*, 270 F.3d 111, 123 (2d Cir. 2001) (holding that, to obtain habeas relief on the basis of an error in jury instructions, a petitioner must show "not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law" (internal quotation marks omitted)).

Petitioner's final claim — that his sentence is "unduly harsh and excessive and should be reduced in the interest of justice" — is also unexhausted and procedurally barred because he relied solely on state law before the Appellate Division and made no mention of any federal constitutional rights.  *See, e.g.*, *Santos v. Rock*, No. 10 Civ. 2896 (LTS) (AJP), 2011 WL 3449595, at *9 n.11 (S.D.N.Y. Aug. 5, 2011) (citing cases), *report and recommendation adopted*, 2011 WL 4000896 (S.D.N.Y. Sept. 7, 2011).  In any event, it is without merit, as "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."  *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *see also Santos*, 2011 WL 3449595, at *9 & n.12 (citing cases).

For the foregoing reasons, the Petition is DENIED. Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1014-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). Finally, the Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this decision would not be taken in good faith, so *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to close the case and to mail a copy of this Memorandum Opinion and Order to Petitioner.

SO ORDERED.

Dated: May 13, 2013
       New York, New York

_____
JESSE M. FURMAN
United States District Judge